Judgment, Supreme Court, New York County (Carol Berk-man, J.), rendered November 20, 2012, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.
The court properly exercised its discretion when it relieved assigned counsel. Under the totality of the circumstances, the court’s action did not interfere with an established attorney-client relationship, and the replacement of counsel was in any event “justified by overriding concerns of fairness or efficiency” (People v Knowles, 88 NY2d 763, 769 [1996]).
The attorney whose removal is at issue only represented defendant at the early stages of the case. After defendant was found unfit to proceed pursuant to CPL article 730, the attorney, who was admittedly preoccupied with other matters, repeatedly and unnecessarily delayed performance of the simple task of confirming the report. This delay resulted in defendant being detained in a correctional facility rather than in a psychiatric institution, and assignment of new counsel was in defendant’s best interests.
Moreover, shortly after defendant was returned from Kirby Forensic Psychiatric Center as competent, the replacement counsel negotiated a disposition. In the course of taking defendant’s guilty plea, the court offered to reinstate the original assigned counsel. However, defendant expressed satisfaction with his new attorney and declined the offer of reinstatement.
We perceive no basis for reducing the sentence.
Concur— Gonzalez, EJ., Mazzarelli, Sweeny, Manzanet-Daniels and Clark, JJ.